# THE

# New York Supplement.

## VOLUME 21.

---

### ANDERSON v. MANHATTAN RY. CO.

(Common Pleas of New York City and County, General Term. December 5, 1892.)

1. NEGLIGENCE OF SERVANT—EVIDENCE—QUESTION FOR JURY.
   Defendant's servants, while repairing its elevated railway, allowed a heavy timber to strike the platform, knocking a piece therefrom, which fell on plaintiff below. The piece that fell was so rotten that it could be broken with the hand, and its condition was discoverable by ordinary inspection. *Held*, that there was evidence of negligence for the jury.

2. CONFLICTING EVIDENCE—REVIEW ON APPEAL.
   Where, on the question of negligence, the evidence is conflicting, the court will not disturb a verdict as unwarranted by the proof.

3. EXCESSIVE DAMAGES.
   Where plaintiff was 69 years old, a confirmed invalid, and earned $6 a week, and the injury inflicted was neither painful, serious, nor incurable, a verdict for $5,401.82 is excessive, and $2,500 is a sufficient compensation.

Appeal from trial term.

Action by Christina Anderson against the Manhattan Railway Company for personal injury. From a judgment for plaintiff for $5,401.82 entered on a verdict, and from an order denying a motion to set aside the verdict and for a new trial, defendant appeals. Judgment reversed, unless plaintiff stipulates to reduce it to $2,500, in which case it is affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Davies, Short & Townsend, (Julien T. Davies and R. L. Maynard, of counsel,) for appellant.

J. Edward Swanstrom, for respondent.

PRYOR, J. We decline discussion of the proposition advanced by appellant that, except when a contractual relation subsists, the mere occurrence of a casualty is no evidence of negligence, because we find in the record sufficient proof prima facie of the absence of ordinary care on the part of defendant's servants. The injury of which the plaintiff complains was caused by the fall of a piece of wood from defendant's elevated railway. The defendant was engaged in placing additional guard timbers along its track. From their size, these timbers were manifestly

of considerable weight.   They were distributed by sliding them over the car, and then letting them fall on the edge of the walk or platform.   On the occasion in question one of these timbers so distributed struck the platform, and knocked a piece out, which fell on the plaintiff, 18 or 20 feet below, in the street.   This piece of the platform was exhibited to the jury, and was rotten; so rotten that it might be broken with the hand, and so rotten that its condition was discoverable by ordinary inspection.   Here, indubitably, was evidence of negligence for the jury. Treanor v. Railway Co., (Com. Pl. N. Y.) 16 N. Y. Supp. 536; Volkmar v. Railroad Co., (N. Y. App.) 31 N. E. Rep. 870.   Appellant contends, however, that the presumption of negligence, if any, shown by the plaintiff, was rebutted and destroyed by the contrary evidence, but that was just the question for the jury; and, as the evidence conflicted, and the credibility of the testimony was exclusively for their judgment, we are not permitted to gainsay their decision, and set aside the verdict as unwarranted by the proof.   Volkmar v. Railroad Co., supra.   Although we cannot reverse the judgment for error or insufficient evidence, we are clearly of opinion that the recovery is excessive.   The plaintiff was in her sixty-ninth year.   She was a confirmed invalid.   In her occupation of washing and scrubbing she earned, apparently, on an average, six dollars a week.   In itself the wound inflicted by the defendant was neither painful nor serious nor incurable, but was important only in its consequences.   These consequences, if they exist, (which is doubtful,) may be attributable to her morbid condition, rather than to the injury inflicted by the defendant.   Our conclusion is that $2,500 would be a just compensation to the plaintiff, and that, if she accept this sum, the judgment should be affirmed; else, that it be reversed, and a new trial awarded.   Judgment reversed, with costs to abide the event, unless plaintiff stipulate to reduce it to $2,500.   If she so stipulate, judgment, as modified, affirmed, with costs.